PER CURIAM.
The final decree entered in this divorce action does not conform with the chancellor’s orally pronounced final decree at the close of the final hearing in the presence of both parties and their counsel.
The written final decree grants the divorce to both parties, whereas the oral pronouncement granted the divorce to the plaintiff-appellee.
The written final decree grants the home of the parties to the plaintiff-appellee as lump-sum alimony and also grants the plaintiff-appellee periodic alimony payments. The oral pronouncement of the court does not mention the award of the home and furnishings to be declared as lump-sum alimony to the plaintiff-appellee.
Further, there are two life insurance policies alluded to in the written final decree which are not even mentioned in the oral pronouncement of the court.
It was conceded in oral argument before this court that the written final decree was prepared by counsel for plaintiff-appellee and submitted to the chancellor, who was assigned to a judicial circuit other than his own, as he was preparing to return to his own circuit.
For the foregoing reasons this cause is reversed and remanded for further proceedings and the entry of such final decree as the trial court deems necessary to conform with its true holding in this cause.
HOBSON, Acting C. J., and PIERCE and MANN, JJ., concur.