GLICKSTEIN, Judge,
concurring in part and dissenting in part.
I agree with reversal on the special equity issue raised by both parties, but would additionally remand to the trial court with direction to rule on the issue of rehabilitative alimony to the wife. Cf. Westberry v. Westberry, 226 So.2d 405 (Fla.2d DCA 1969) (Written final divorce decree reversed and cause remanded where provisions of written decree failed to conform to orally pronounced final decree of the court).
In the instant case, during the trial court’s closing comments, the following colloquy took place:
THE COURT: I want to ask Mrs. End-ers a question: How far did you go in college to Catawba?
MRS. ENDERS: 3Va years.
THE COURT: Unless you were taking basket weaving. I don’t know why your courses wouldn’t transfer down here. That’s a good school.
MRS. ENDERS: It was over 10 years ago.
THE COURT: I know. I think they might be liberal about that. I don’t think it will take as long for you to get your degree as you think it will.
I think in view of the fact that she gave up her business for the children. I think she is entitled to rehabilitative alimony for a period of three years. I think would do it.
I think you can do it in three years, and then that will be the end of that.
The wife’s support was clearly an issue in this case. Nevertheless, the final judgment is silent on the issue of alimony, rehabilitative or any other kind.
The majority does not state why it affirms as to the alimony issue. Its reasoning cannot be grounded in the reasonableness test for review of a judge’s discretionary decision, which is delineated in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), for here we deal with an omission to decide, not a decision.